United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-60133
Summary Calendar

CHARLES N. WHITE,

Plaintiff-Appellant,

versus

UNITED AMERICAN INSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:03-CV-182)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles White appeals the summary judgment awarded United American Insurance Company (UAIC) against his claims for, *inter alia*, bad faith and breach of contract in the cancellation of his insurance policy.

In June 1997, White was issued a Medigap Plan F. policy from UAIC. White elected to have UAIC withdraw his monthly premiums directly from his bank; White had the sole authority to stop this bank-draft billing. He was diagnosed with cancer in 1999.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Around March 2000, however, UAIC converted White's account from direct withdrawal to paper billing, without notice or White's authorization. White received the paper billing statements for payment of his April premium, but did not pay them; after two months his policy lapsed.

White filed a claim concerning the policy lapse with the Mississippi Department of Insurance (MDOI) in October 2000. In response to MDOI's investigation, UAIC, *inter alia*, offered to reinstate White's policy. MDOI officials twice forwarded this communication to White, who did not respond. Nor did White attempt to reinstate his policy on his own.

White filed this action in state court against UAIC in April 2003, claiming, *inter alia*, negligence, breach of contract, and insurance bad faith. Following removal, the parties agreed to proceed before a magistrate judge. *See* 28 U.S.C. § 636(b)(2).

On the completion of discovery, UAIC moved for summary judgment on all claims, asserting that, even if it was at fault for cancelling White's direct withdrawal payment, White could not show liability because he failed to respond to the mailed premium bills and the reinstatement offer. The court granted summary judgment against all of White's intentional tort and contract claims, finding no evidence that UAIC acted willfully, intentionally, fraudulently or outrageously in changing the billing system for White's policy.

The court discussed White's negligence claim separately, concluding that, even in the light of error by UAIC in changing from direct withdrawal to paper billing, White could have avoided his damages by exercising reasonable and ordinary care – paying "simple attention to his mail".

A summary judgment is reviewed *de novo*, applying the same legal standards as the district court. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Such judgment is proper when "there is no genuine issue as to any material fact and ... [the movant] is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All inferences must be drawn in favor of the nonmovant, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); but, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted", *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted).

White contends there are genuine issues of material fact for whether: UAIC's investigation into White's consumer claim with the MDOI was negligent; UAIC failed to properly communicate an offer of reinstatement to White; UAIC improperly "transferred the burden" to White to act to reinstate his policy; UAIC failed to correct its

bank-draft error; and UAIC's actions constituted breaches of implied covenants of good faith and fair dealing. White also contends: the district court improperly applied Mississippi's doctrine of avoidable consequences; and, in this regard, a genuine issue of material fact exists for what damages were available to be mitigated.

UAIC responds that no genuine issues of material facts exist because White failed to exercise reasonable efforts to avoid damages resulting from the cessation of the bank-draft billing; and no such fact issue exists concerning his bad-faith claims.

White's deposition testimony was: he realized the premium payments were not withdrawn from his bank account in March 2000; he asked the bank why this was so; he knew that, if premium payments were not being withdrawn from his account, he needed to pay them in order to continue coverage; he called his local insurance agent to ask what was happening with his policy; the local agent did not call him back, and White did not follow up; he received notices in the mail billing him for his premiums; but, he did not mail his payments because he did not know he had to send a check. Although White testified he did not recall receiving the two letters from MDOI concerning UA's offer to reinstate his coverage, both letters are in the summary judgment record. White verified the mailing address was his, and the letters were not returned to sender.

Viewing all of the facts in the light most favorable to White, and for essentially the reasons stated by the district court,

4

summary judgment is proper.  First, there is no genuine issue of material fact to preclude summary judgment against White's claims for insurance bad faith, breaches of implied covenants of good faith and fair dealing, or fraud.  No evidence was presented that UAIC intentionally switched White's billing plan to cause him to let it lapse.

Second, for White's negligence and breach of contract claims, the district court concluded correctly that, even if UAIC erroneously ceased bank-draft billing, White failed to avoid the consequences of UAIC's error (mitigate damages) by responding either to the paper bills for premium payment or to the communication from MDOI of UAIC's offer to reinstate his policy. Such failure bars recovery.  *See* **Munn v. Algee**, 924 F.2d 568, 573 n.9 (5th Cir.), *cert. denied*, 502 U.S. 900 (1991) ("Under Mississippi law, an injured plaintiff may not recover for damages that he did not take reasonable efforts to avoid."); **Pelican Trucking Co. v. Rossetti**, 167 So.2d 924, 927 (1964), *overruled in part, sustained in part*, 170 So.2d 573 (1965).

**AFFIRMED.**

5